IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL R JURGENS and SHERRI L. MORRIS,<br><br>    Plaintiffs,<br><br>  vs.<br><br>NATIONAL CITY MORTGAGE CO.,<br><br>    Defendant. | CASE NO. CV F 08-1021 LJO TAG<br><br>**ORDER ON DEFENDANT'S F.R.Civ.P. 12 MOTION TO DISMISS AMENDED COMPLAINT**<br>(Doc. 18.) |
|---|---|

## INTRODUCTION

Defendant National City Mortgage Corporation ("National") seeks to dismiss as time barred and conclusory plaintiffs Michael Jurgens and Sherri Morris' (collectively "plaintiffs'") rescission and damages claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations 12 C.F.R. §§ 226, et seq. ("Reg. Z"). Plaintiffs filed no timely papers to oppose dismissal of their claims. This Court considered National's F.R.Civ.P. 12(b)(6) motion on the record and VACATES the March 11, 2009 hearing, pursuant to Local Rule 78-230(c),(h). For the reasons discussed below, this Court DISMISSES with prejudice plaintiffs' claims.

/ / /

# BACKGROUND[1]

## Plaintiffs' Residential Loan

In June 2005, plaintiffs entered into a contract to purchase a parcel of land in Oakdale ("property") and obtained an initial construction loan from First Horizon Home Loans ("First Horizon"). The First Horizon loan was secured by plaintiffs' then home for construction of a new home on the property.

On November 7, 2006, plaintiffs closed on a loan from National to pay off the First Horizon loan and to complete acquisition and further construction on the property. National describes its loan as a "construction to permanent financing loan." At the closing of the National loan, plaintiffs received numerous documents and disclosures, including TILA and rescission notices.

## Plaintiffs' Claims

Plaintiffs claim that the "material documents" which they received "failed in one or more material respects to disclose to the Plaintiffs in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction." More specifically, plaintiffs claim "the Payment Schedule by calculation fails to pay the principal and interest of the Transaction."

On June 17, 2008, plaintiffs sent National by certified mail a rescission notice. National's June 24, 2008 letter responded that it would review plaintiffs' account and notify plaintiff of findings prior to June 24, 2008. National neither responded further nor honored plaintiffs' rescission notice. Plaintiffs filed this action on July 16, 2008.

The AC alleges:

1. A (first) TILA rescission cause of action that due to National's failure to provide accurate material disclosures, plaintiffs are entitled and have exercised their right to rescind the National loan; and

2. A (second) TILA damages cause of action that National violated TILA and Reg. Z by failing to:

    a. Provide all required disclosures prior to consummation of the loan;

---

[1] The factual recitation is derived generally from plaintiffs' amended complaint ("AC"), the subject of National's challenges.

2

   b.  Make required disclosures "clearly and conspicuously" in writing;

   c.  Provide the requisite number of copies of plaintiffs' notice of right to cancel; and

   d.  Disclose the TILA disclosure statement accurately and effectively.

The AC seeks rescission of the National loan, statutory damages and an injunction of legal or non-judicial proceedings on the property.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

National seeks F.R.Civ.P. 12(b)(6) dismissal of plaintiffs' TILA rescission and damages claims as lacking sufficient facts. National further seeks to dismiss plaintiffs' TILA damages claim as time barred.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is warranted when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines

that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider plaintiffs' pertinent loan documents.

### Rescission Exemption

National argues that its loan is exempt under Reg. Z as a residential mortgage transaction or an advance transaction.

Subsection (a) of 12 C.F.R. § 226.23 ("section 226.23") addresses a consumer's right to rescind

and provides:

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

Section 226.23(f) addresses exempt transactions and provides that the right to rescind does not apply to "(1) A residential mortgage transaction" or "(4) An advance, other than an initial advance, in a series of advances or in a series of single-payment obligations that is treated as a single transaction under §226.17(c)(6) . . ."

Pursuant to 15 U.S.C. § 1602(w) a "'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling **to finance the acquisition or initial construction** of such dwelling." (Bold added.)

National relies on the following Official Staff Interpretation as to construction financing:

> If a transaction meets the definition of a residential mortgage transaction and the creditor chooses to disclose it as several transactions under §226.17(c)(6), each one is considered to be a residential mortgage transaction, **even if different creditors are involved.** For example:
>
> -One creditor finances the initial construction of the consumer's principal dwelling and another creditor makes a loan to satisfy the construction loan and provide permanent financing. Both transactions are residential mortgage transactions.

12 C.F.R. Pt. 226, Supp. I, Subpart A, § 226.2(a)(24)(4) (bold added).

National argues that its loan is a rescission exempt residential mortgage transaction in that plaintiffs obtained an initial construction loan from First Horizon and later obtained the National loan to satisfy the First Horizon construction loan, to complete initial construction and to provide permanent financing. Plaintiffs do not challenge National's characterization of its loan as a rescission exempt residential mortgage transaction. National's loan satisfies the requirements as an exempt transaction as financing for acquisition and/or initial construction of a dwelling. National's loan is rescission exempt under section 226.23(f).

National further contends that its loan provided "draws" or "advances" for construction of the property and that such advances are rescission exempt under 12 C.F.R. § 226.17(c)(6)(i) which provides:

       (i) A series of advances under an agreement to extend credit up to a certain amount may be considered as one transaction.

       (ii) When a multiple-advance loan to finance the construction of a dwelling may be permanently financed by the same creditor, the construction phase and the permanent phase may be treated as either one transaction or more than one transaction.

National notes that its loan was up to $900,000 to be used for construction and later converted to permanent financing to exempt it from rescission as an advance. Again, plaintiffs do not challenge National's characterization of its loan as rescission exempt advances. Section 226.23 exempts rescission of plaintiffs' loan.

## **Untimely Rescission**

National challenges plaintiffs' attempted rescission as untimely under 12 C.F.R. § 226.23(a)(3), which provides: "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice [of right to rescind] required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last." National points up that its loan's consummation occurred on November 7, 2006 and that the AC acknowledges that plaintiffs did not attempt to rescind prior to midnight November 10, 2006.

Turning to the AC's allegation that plaintiffs did not receive material disclosures to trigger the three-day rescission period, National points to 12 C.F.R. § 226.23(a)(3)'s definition that "material disclosures" means "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32(c) and (d)." National contends that the AC's exhibits evidence all required TILA disclosures and points to the following from Appendix D of 12 C.F.R., Part 226:

A. The creditor shall estimate the interest payable during the construction period to be included in the total finance charge as follows:

    1. If interest is payable only on the amount actually advanced for the time it is outstanding, assume that one-half of the commitment amount is outstanding at the contract interest rate for the entire construction period.

    . . .

C. The creditor shall disclose the repayment schedule as follows:

    1. For loans under paragraph A.1. of Part II [quoted directly above], without reflecting the number or amounts of payments of interest only that are made during the

6

construction period. The fact that interest payments must be made and the timing of such payments shall be disclosed.

National notes that the AC's Exhibit 13 states that "interest on amount of credit outstanding during the construction period will be paid monthly" to comply with Part C.1 (quoted directly above) to disclose that interest payments must be made and the time of such payments.

Plaintiffs offer nothing to substantiate that their rescission attempt was timely. The AC's face reflects plaintiffs' rescission notice failed to meet the three-day deadline to render it untimely under Reg. Z. Plaintiffs make no attempt to resurrect their rescission notice. An untimely rescission notice further bolsters dismissal of plaintiffs' TILA rescission claim.

## **Limitations Period**

National contends that the AC's (second) TILA damages cause of action is barred by the one-year limitations period of 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008). National points out that its loan was consummated on November 7, 2006 and that plaintiffs delayed until July 16, 2008 to bring this action to render the TILA damages claim time barred.

National argues that plaintiffs may not toll the limitations period because all material disclosures regarding the payment schedule were provided to plaintiff to defeat plaintiffs' claim that they could not have discovered non-disclosures within the one-year period. National challenges that plaintiffs are entitled to equitable tolling which "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). National argues that equitable tolling does not apply in that plaintiffs allege that National's non-disclosures prevented plaintiffs to pursue claims. The Ninth Circuit Court of Appeals has explained:

> Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the

> existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing until the plaintiff can gather what information he needs. . . . However, equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty.

*Santa Maria*, 202 F.3d at 1178 (citation omitted).

This Court views plaintiffs' lack of timely opposition papers as their concession that their TILA damages claim is time barred.  Nothing appears from the record to establish the timeliness of plaintiffs' TILA damages claim.  The National transaction was consummated more than one year and eight months prior to commencement of this action.  National correctly notes that absence of grounds to support equitable tolling.

**Merits Of TILA Damages Claim**

National further attacks the AC's (second) TILA damages cause of action as conclusory in the absence of "allegations as to when the disclosures were made or which specific disclosures were not timely provided." National points to the claim's allegations that National failed to:

1. Provide "all required disclosures prior to consummation of the transaction" to violate 15 U.S.C. § 1638(b) and 12 C.F.R. § 226.17(b);
2. Make required disclosures "clearly and conspicuously" to violate 15 U.S.C. § 1632(a) and 12 C.F.R. § 226.17(a)(1);
3. Provide the requisite number of copies of plaintiffs' Notice of Right to Cancel under 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(b); and
4. Disclose "accurately and effectively" the TILA Disclosure Statement to violate 15 U.S.C. § 1602(u) and 12 C.F.R. § 226.23(a)(3).

National faults such allegations' failure to identify which specific disclosures were not given timely, clearly and conspicuously, the number of notices which plaintiffs were entitled to receive, and how National failed to disclose the TILA Disclosure Statement when plaintiffs attach that form as an exhibit to the AC.

National's points are well reasoned.  The (second) TILA damages cause of action relies on conclusory allegations of non-disclosures and inadequate disclosures.  Plaintiffs offer nothing to defend their claims.  Nothing is apparent to warrant an attempt to amend plaintiffs' TILA rescission or damages

1  claims.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice with action against defendant National City Mortgage Co.; and
2. DIRECTS the clerk to enter judgment in favor of defendant National City Mortgage Co. and against plaintiffs Michael Jurgens and Sherri Morris and to close this action.

IT IS SO ORDERED.

**Dated:   March 3, 2009**                       /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE